G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
tom@plglawfirm.com

Attorney for Plaintiff,
KRISTOPHER HASSELL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER HASSELL,<br><br>        Plaintiff,<br><br>    vs.<br><br>CHASE BANK, N.A.; and DOES 1 to 10, inclusive,<br><br>        Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>**1. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**<br><br>**2. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

## COMPLAINT FOR DAMAGES
### I.    INTRODUCTION

1.     KRISTOPHER HASSELL ("Plaintiff") brings this action against Chase Bank, N.A. ("Defendant") for violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The RFDCPA

- 1 -

COMPLAINT FOR DAMAGES

prohibits false or deceptive practices in connection with the collection of debts. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

## II.   JURISDICTION AND VENUE

2. Jurisdiction in this Court arises under 15 U.S.C. § 1692k(d) which states that any action to enforce liability created by the FDCPA may be brought in any appropriate United States district court. Jurisdiction of this court also arises under 28 U.S.C.§§ 1331, 1337, and 1367. Pursuant to 28 U.S.C. § 1367, jurisdiction is further proper as to Plaintiff's RFDCPA claim as it is so related to Plaintiff's TCPA claim that it forms part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District, Defendant transacts business in this District and Defendant's collection communications were received by Plaintiffs in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

## III.   PARTIES

4. Plaintiff is an individual, residing in Westlake Village, Los Angeles County, California 91361.  Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.  Thus, Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

5. Defendant is a financial institution that maintains its corporate headquarters at 270 Park Avenue, New York, New York 10017.

6. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus, Defendant is a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c). Defendant regularly engages in the collection of debt by telephone in several states including, California.

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

### IV. FACTUAL ALLEGATIONS

8. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by RFDCPA, CAL. CIV. CODE § 1788.2(f) (alleged debt).

9. At all times relevant to this action, Defendant owned, operated and/or controlled telephone numbers 210-520-6400, 212-810-4531, 847-426-8085, and 847-426-9203. At all times relevant to this action, Defendant called Plaintiff from, but not limited to, telephone numbers 210-520-6400, 212-810-4531, 847-426-8085, and 847-426-9203 for the purpose of collecting the alleged debt.

10. Within one year prior to the filing of this action, Defendant regularly and repeatedly called Plaintiff at Plaintiff's cellular telephone number, 805-210-9428.

11. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff.

12. Within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

13. Upon information and belief, Defendant regularly called Plaintiff up to four (4) times per day in an attempt to collect an alleged debt. For instance and without limitation, Defendant called Plaintiff on Plaintiff's cellular telephone on or about December 2, 2013 at the following times: 8:12 a.m., 11:34 a.m., 4:53 p.m., and 6:15 p.m., respectively.

14. Upon information and belief, on or about December 3, 2013, Defendant called Plaintiff on Plaintiff's cellular telephone four (4) times in an attempt to collect an alleged debt at the following times: 8:21 a.m., 10:33 a.m., 12:07 p.m., and 2:45 p.m., respectively.

15. Defendant called regularly and continuously despite the fact that on or about December 21, 2013, Plaintiff advised Defendant to cease calling Plaintiff on Plaintiff's cellular telephone.

16. Upon information and belief, on or about January 13, 2014, Defendant called Plaintiff on Plaintiff's cellular telephone four (4) times in an attempt to collect an alleged debt at the following times: 8:02 a.m., 10:05 a.m., 12:03 p.m., and 5:27 p.m., respectively, despite having been advised by Plaintiff that Defendant no longer had Plaintiff's consent to contact Plaintiff on Plaintiff's cellular telephone.

17. During the January 13, 8:02 a.m. conversation, Plaintiff again advised Defendant's agent, "Mobina," that Plaintiff was unable to pay any alleged debts he may owe, and that Defendant was not to contact Plaintiff on Plaintiff's cellular telephone.

18. Upon information and belief, on or about January 14, 2014, Defendant called Plaintiff on Plaintiff's cellular telephone four (4) times in an

attempt to collect an alleged debt at the following times: 8:28 a.m., 11:25 a.m., 1:13 p.m., and 5:27 p.m., respectively.

19. Upon information and belief, on or about January 21, 2014, Defendant called Plaintiff on Plaintiff's cellular telephone four (4) times in an attempt to collect an alleged debt at the following times: 8:31 a.m., 11:21 a.m., 1:36 p.m., and 6:27 p.m., respectively.

20. Upon information and belief, on or about January 22, 2014, Defendant called Plaintiff on Plaintiff's cellular telephone four (4) times in an attempt to collect an alleged debt at the following times: 8:08 a.m., 10:05 a.m., 12:04 p.m., and 5:10 p.m., respectively.

21. The natural and probable consequences of Defendant's conduct were to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

22. The natural and probable consequences of Defendant's conduct amounts to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

23. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 (TCPA Regulations), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

24. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

25. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number 805-210-9428 multiple times using an artificial prerecorded voice or using equipment which has the capacity to

store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

26. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

27. Assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked on or about December 21, 2013 when Plaintiff requested that Defendant stop calling Plaintiff.

28. Defendant called Plaintiff at Plaintiff's cellular telephone number 805-210-9428 no less than sixteen (16) times using an "automatic telephone dialing system" or an "artificial or prerecorded voice" after Plaintiff requested that Defendant stop calling Plaintiff.

29. Upon information and belief, at no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

30. Upon information and belief, Defendant is not a tax exempt nonprofit organization.

31. Upon information and belief, within four (4) years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than sixteen (16) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

### V.   FIRST CAUSE OF ACTION
**(Violation of the RFDCPA, CAL. CIV. CODE § 1788)**

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b) Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(ii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

(iii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

34. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## VI.    SECOND CAUSE OF ACTION

### (Violations of the TCPA, 47 U.S.C. § 227)

36.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.    Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a)    Within four (4) years prior to the filing of this action, on no less than sixteen (16) occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)    Upon information and belief, within four (4) years prior to the filing of this action, on no less than sixteen (16) occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

38.    As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

39.    Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(c) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(d) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e) Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

(f) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(h) For such other and further relief as the Court may deem just and proper.

\ \ \
\ \ \
\ \ \
\ \ \
\ \ \

1 **DEMAND FOR JURY TRIAL**

2   Please take notice that Plaintiff, KRISTOPHER HASSELL, demands a
3 trial by jury in this action.

4

5                              RESPECTFULLY SUBMITTED,

6 Dated: March 26, 2014          **PRICE LAW GROUP, APC**

7

8                              By: /s/ G. Thomas Martin, III
                                   G. Thomas Martin, III
9                                  *Attorney for Plaintiff*